UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

B.J.S., on behalf of N.S., a child with a disability,

                      Plaintiff,
      v.

The State Education Department/The University of
 the State of New York,
Paul R. Kelly, State Review Officer,
Richard P. Mills, Commissioner of Education, and
Springville-Griffith Institute Central School
 District Board of Education,

                      Defendants.

REPORT
and
RECOMMENDATION

07-CV-00456A(F)

_____

APPEARANCES:        FRANK T. HOUSH, ESQ.
                            Attorney for Plaintiff
                            70 Niagara Street
                            Buffalo, New York 14202

                            HODSGON RUSS, LLP
                            Attorneys for Defendant School District
                            RYAN L. EVERHART, of Counsel
                            The Guaranty Building
                            140 Pearl Street
                            Suite 100
                            Buffalo, New York 14202

## JURISDICTION

This action was referred to the undersigned by Honorable Richard J. Arcara on September 10, 2009, for all pretrial matters. The case is presently before the court on Defendant School District's motion for summary judgment (Doc. No. 117), filed February 13, 2012.

## BACKGROUND and FACTS[1]

Plaintiff B.J.S. ("Plaintiff" or "B.J.S."), commenced this action on July 13, 2007, by filing a complaint alleging on behalf of herself and her child, N.S. ("N.S."), then enrolled in Defendant Springville-Griffith Institute Central School District ("the School District"), that Defendants New York State Department of Education ("NYSED"), NYSED Commissioner Richard P. Mills ("Commissioner Mills" or "Mills"), NYSED appointed State Review Officer ("SRO") Paul F. Kelly ("SRO Kelly" or "Kelly") (together, "State Defendants"), and the School District, denied N.S. a free and appropriate public education ("FAPE"), for the 2005-2006 school year for N.S.'s 6th grade, in violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*. ("the IDEA" or "the Act"). Plaintiff in this action specifically seeks to have annulled the March 17, 2007 decision rendered by SRO Kelly ("SRO Decision"), overruling the decision rendered on December 17, 2006, and amended on December 28, 2006, by the School District's appointed Impartial Hearing Officer ("IHO") James P. Walsh ("IHO Walsh" or "Walsh"), a nonparty to this action ("IHO Decision"). In contrast to the SRO Decision, the IHO Decision was favorable to Plaintiff.

During the 2002-2003 school year, N.S. was first determined by the School District's Committee on Special Education ("CSE") to be autistic and, thus, a student in need of special education and related services. Accordingly, the CSE, as required by the IDEA, developed an individualized education program ("IEP") which, if correctly followed, would provide N.S. with the FAPE mandated by the IDEA. During the 2002-

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

2003 school year, the IEP pursuant to which N.S. was educated by the School District, allowed N.S. to make substantial progress in all academic and social areas. N.S. thereafter continued to be educated pursuant to an IEP which was modified each year to account for changes in N.S.'s educational needs.

Prior to the commencement of the 2005-2006 school year, Plaintiff disagreed with the IEP prepared by the CSE for the 2005-2006 school year. Without the new IEP in place at the beginning of the 2005-2006 school year, the School District maintained N.S. in his pendency placement such that N.S. continued to be educated during the 2005-2006 school year pursuant to a "Pendency Plan," defined as the most recently agreed upon IEP, specifically, the IEP for the 2003-2004 school year.[2]

On April 4, 2006, with no 2005-2006 IEP yet in place for N.S., Plaintiff filed a complaint with the School District[3] challenging the proposed 2005-2006 IEP and requesting an administrative due process hearing before an Impartial Hearing Officer ("IHO"). The School District appointed as IHO James P. Walsh ("Walsh" or "IHO Walsh") to preside over the hearing which commenced on April 4, 2006, and continued for nine days over the next five months, and remained pending at the start of the 2006-2007 school year. It is undisputed that N.S. never received any services or instruction pursuant to the 2005-2006 IEP; rather, throughout the entire 2005-2006 school year,

---

[2] The status of N.S. while educated pursuant to an unchanged IEP is referred to as "pendency placement." 20 U.S.C. § 1415(j); N.Y. Educ. Law § 4404(4)(a) (McKinney's 2010). *See also* 8 N.Y.C.R.R. § 200.5(m) (Commissioner of Education regulation requiring a school district keep a student's placement static while a due process hearing challenging an IEP is pending). The record does not explain why N.S. was not educated pursuant to the IEP in place for the 2004-2005 school year, or whether the IEP pursuant to which N.S. was educated for the 2004-2005 school year was the same IEP in place for the 2003-2004 school year.

[3] The date Plaintiff filed the administrative complaint with the School District is not in the record.

N.S. was educated pursuant to the 2003-2004 IEP.

On December 17, 2006, IHO Walsh issued his decision, ruling the School District failed to comply with the IDEA. The School District appealed the IHO Decision to the Office of State Review where State Review Officer ("SRO") Paul R. Kelly ("Kelly" or "SRO Kelly") issued his decision, Appeal No. 07-007, on March 19, 2007. The SRO Decision determined the School District provided a FAPE to N.S. for the 2005-2006 school year and annulled the IHO Decision. Plaintiff then commenced the instant action seeking to reverse the SRO Decision.

In a Report and Recommendation filed by the undersigned on August 11, 2011 (Doc. No. 96) ("R&R"), dismissal of all claims asserted against State Defendants was recommended. The R&R was adopted by Judge Arcara on September 30, 2011 (Doc. No. 104). As such, this action continues against only the School District ("Defendant").

On February 13, 2012, Defendant filed the instant motion for summary judgment (Doc. No. 117) ("Defendant's motion"), supported by the Memorandum of Law in Support of Defendant's Motion for Summary Judgment (Doc. No. 114) ("Defendant's Memorandum"), Defendant's Statement of Undisputed Facts Pursuant to Local Rule 56.1 (Doc. No. 115) ("Defendant's Statement of Facts"), and the Declaration of Ryan L. Everhart, Esq., in Support of Defendant Springville-Griffith Institute Central School District Board of Education's Motion for Summary Judgment (Doc. No. 116) ("Everhart Declaration"). Defendant maintains that "[t]hroughout the entire 2005-2006 school year, and up to the present date, N.S. has remained in a pendency program," Defendant's Statement of Facts ¶ 12; and that "N.S. is currently poised to *graduate from high school* this spring. . . ." Defendant's Memorandum at 10 (italics in original).

4

By letter to the undersigned filed May 3, 2012, Plaintiff's attorney, Frank T. Housh, Esq. ("Housh") ("Housh Letter"), explained that "responding [in opposition to summary judgment] has not been possible" based on his inability "to acquire useful contact" with Plaintiff, who had requested to "participate in the preparation of all legal proceedings." Despite extending, on May 3, 2012, Plaintiff's time to file her response (Doc. No. 121), to date, Plaintiff has failed to file any response in opposition to Defendant's motion.

Oral argument was deemed unnecessary. Based on the following, the School District's motion for summary judgment should be GRANTED. The Clerk of the Court should be directed to close the file.

## DISCUSSION

Defendant argues in support of summary judgment that (1) Plaintiff's claims are moot because the 2005-2006 has passed without the 2005-2006 IEP ever having been implemented, Defendants' Memorandum at 9-11; (2) the SRO Decision was reasonable and appropriate, *id.* at 11-13; (3) the School District provided N.S. with a FAPE during the 2005-2006 school year, *id.* at 13-14. As stated, Background and Facts, *supra*, at 5, Plaintiff has not filed any papers of substance opposing Defendant's motion.

Summary judgment on a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010). The party

5

moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322.

Once a party moving for summary judgment has made a properly supported showing as to the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor and "may not simply rely on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995) (citing cases). Rather, Fed. R. Civ. P. 56(e) requires that

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

"[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir.1996). Here, the record establishes Defendant School District is entitled to summary judgment.

1.  **Mootness**

The School District argues that because at issue in the instant case is Plaintiff's disagreement with the proposed 2005-2006 IEP, which was never implemented and

expired more than five and a half years ago, and having been superseded by subsequent IEPs based on N.S.'s changing educational needs, and N.S.'s anticipated high school graduation in the spring of 2012, Plaintiff's challenges to the 2005-2006 IEP have been rendered moot. Defendant's Memorandum at 10. As such, the School District maintains that no controversy regarding the 2005-2006 IEP remains ripe for judicial review. *Id*. at 9-11. Plaintiff, who has not responded in opposition to summary judgment, does not otherwise dispute these assertions.

It is axiomatic that "'at its uncontroverted core lies the principle that, at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural.'" *Lillbask v. State of Connecticut Department of Education*, 397 F.3d 77, 84 (2d Cir. 2005) (quoting *Russman v. Board of Education*, 260 F.3d 114, 118 (2d Cir. 2001)). "When the issues in dispute between the parties 'are no longer live,' a case becomes moot, and the court – whether trial, appellate, or Supreme – loses jurisdiction over the suit, which therefore must be dismissed." *Id*. (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969), and *Russman*, 260 F.3d at 118-19 (internal quotation marks omitted)). "The Supreme Court has recognized an exception, however, where the dispute is 'capable of repetition, yet evading review.'" *Russman*, 260 F.3d at 119 (quoting *Southern Pacific Terminal Company v. Interstate Commerce Commission*, 219 U.S. 498, 515 (1911)). The so-called "capable-of-repetition principle" applies "only 'where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Id*. (quoting *Spencer v. Kemma*, 523 U.S. 1, 17 (1998)). "A

7

recurrent dispute will 'evade review' if it could not be entirely litigated before again becoming moot, including prosecution of appeals as far as the Supreme Court." *Id*. (quoting *Honig*, 484 U.S. at 322-23). In light of these strictures, the mootness exception "applies only in exceptional situations, and is severely circumscribed." *Russman*, 260 F.3d at 119 (internal citations and quotation marks omitted).

As relevant to the instant case, N.S.'s graduation from high school in the spring of 2012 rendered impossible any "'reasonable expectation' of repetition." *Russman*, 260 F.3d at 120 (quoting *Honig*, 484 U.S. at 318 and n. 6). Accordingly, Defendant's motion should be GRANTED on the basis that Plaintiff's claim is moot.

**2.      SRO Decision**

Alternatively, the School District argues the SRO Decision should not be disturbed because federal courts are encouraged to accord deference to the SRO when considering whether a particular educational placement complies with the IDEA. Defendant's Memorandum at 11. In support of this argument, the School District asserts the SRO Decision was sufficiently thorough and careful as to be reasonable and appropriate. *Id.* at 11-12. Defendant further maintains Plaintiff's failure to point to any clear legal error committed by SRO Kelly in the SRO Decision "simply asks this Court second-guess the SRO's expertise in deciding special education matters," despite the apparent detail and thoughtfulness evident in the SRO Decision. *Id.* at 12-13. Plaintiff has not responded to this argument.

Federal courts are "to avoid 'impermissibly meddling in state educational methodology,'" and must examine the record for objective evidence of the student's

progress under the subject IEP. *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 196 (2d Cir. 2005) (citing *Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d 119, 130 (2d Cir. 1998)). "Because administrative agencies have special expertise in making judgments concerning student progress, deference is particularly important when assessing an IEP's substantive adequacy." *Id.* at 195 (citing *M.S. ex rel. S.S. v. Bd. of Educ.*, 231 F.3d 96, 105 (2d Cir. 2000) ("An assessment of educational progress is a type of judgment for which the district court should defer to the SRO's educational experience, particularly where . . . the district court's decision was based solely on the record that was before the SRO.")). Nor is the district court permitted to "substitute[ ] its judgment for that of the agency experts and the hearing officer." *Id.* (citing cases). Rather, an SRO's decision is entitled to "due weight" provided the decision is "thorough and careful." *Id.* at 196 (citing cases).

In the instant case, the 19-page, single-spaced SRO Decision[4] is both thorough and careful, containing an exhaustive description of N.S.'s educational history through N.S.'s 6th grade, and discussing N.S.'s testing and evaluation data, summarizing the CSE's discussions and recommendations, and reviewing each component of the IEP. Also reviewed was the testimony and evidence presented at the due process hearing which, as stated, Background and Facts, *supra*, at 3, occurred over nine days spanning a five-month period of time. Significantly, SRO Kelly considered that in the IHO Decision, IHO Walsh stated he was "'buoyed' by the fact that, despite [Defendant's] failure to provide the student [N.S.] with special education and services, the student

---

[4] A copy of the SRO Decision is filed as Complaint Exh. A.

[N.S.] appeared to be advancing from grade to grade and achieving passing grades in all subjects. . . ." SRO Decision at 7. SRO Kelly's reference to N.S.'s academic achievement is supported by the fact that N.S. was, as of February 13, 2012, "poised to *graduate from high school*," Defendant's Memorandum at 10 (italics in original). Moreover, Plaintiff's failure to point to any specific error by SRO Kelly underscores that although unhappy with the IEP, N.S. received an education in accordance with the IDEA.

Defendant's motion should, in the alternative, be GRANTED on this ground.

### 3. Education During 2005-2006 School Year

As a further alternative basis for summary judgment, Defendant maintains that N.S.'s 2005-2006 IEP met the standard articulated by the Second Circuit Court of Appeals for determining whether a student's IEP should be deemed substantially appropriate under the IDEA and thus provides a FAPE. Defendant's Memorandum at 13-14. According to Defendant, that N.S. was educated pursuant to IEPs that provided a FAPE is evident by the fact that N.S. made sufficient academic progress while attending school, including advancing from grade to grade, such that when Defendant's motion was filed on February 13, 2012, it was anticipated that N.S. would graduate from high school that spring. *Id.* at 10, 14. Plaintiff has not responded in opposition to this argument.

"IDEA does not require states to develop IEPs that 'maximize the potential of handicapped children.'" *Walczak*, 142 F.3d at 130 (quoting *Board of Educ. v. Rowley*, 458 U.S. 176, 189 (1982)). "What the statute guarantees is an 'appropriate' education,

'not one that provides everything that might be thought desirable by loving parents.'" *Id.* (quoting *Tucker v. Bay Shore Union Free Sch. Dist.*, 873 F.2d 563, 567 (2d Cir. 1989)). Nevertheless, "the door of public education must be opened for a disabled child in a 'meaningful' way." *Id.* (quoting *Rowley*, 458 U.S. at 192). In particular, although an IEP affording the "opportunity for only trivial advancement" is not sufficient, "[a]n appropriate public education is one that is likely to produce progress, not regression." *Id.* (internal quotation marks and citations omitted). *See also Weixel v. Board of Education*, 287 F.3d 138, 151 (2d Cir. 2002) ("'for an IEP to be reasonably calculated to enable the child to receive educational benefits, it must be likely to produce progress, not regression.'" (quoting *M.S. ex rel S.S. v. Board of Education of City School District of Yonkers*, 231 F.3d 96, 103 (2d Cir. 2000), *cert. denied*, 532 U.S. 949 (2001)). Further, when conducting an "independent" review of a challenged IEP "without impermissibly meddling in state educations methodology," the court "must examine the record for any objective evidence indicating whether the child is likely to make progress or regress under the proposed plan. *Id.* (internal quotation marks and citations omitted). Significantly, "the attainment of passing grades and regular advancement from grade to grade are generally accepted indicators of satisfactory progress." *Id.*

In the instant case, Defendant asserts, and Plaintiff does not dispute, that although N.S.'s 2005-2006 IEP was never implemented, "[t]hroughout the entire 2005-2006 school year, and up to the present date, N.S. has remained in a pendency program." Defendant's Statement of Facts ¶ 12. Further, "N.S. made sustained academic progress while attending school. N.S. continued *to pass all of his classes and advance from grade to grade*." Defendant's Memorandum at 14 (italics in original,

11

citing Exhibit P-HH).[5]  Moreover, as of February 13, 2012, the date Defendant's motion was filed, N.S. was "poised to *graduate from high school* this spring."  Defendant's Memorandum at 10 (italics in original).  This record, unchallenged by Plaintiff, establishes as a matter of law that N.S.'s education pursuant to the pendency placement permitted N.S. to make "satisfactory progress" as required under the IDEA.  *Walczak*, 142 F.3d at 130.  Accordingly, this further alternative argument also supports Defendant's motion which should be GRANTED.

## CONCLUSION

Based on the foregoing, Defendant School District's motion for summary judgment (Doc. No. 117), should be GRANTED; the Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   April 15, 2013
             Buffalo, New York

---

[5] Defendant's papers include citations to various exhibits, including to N.S.'s academic record and the administrative record relevant to this action.  Although such exhibits, ostensibly containing N.S.'s confidential information, were not filed in this action, Plaintiff has not challenged as inaccurate Defendant's representation of the contents of such exhibits.

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: April 15, 2013
           Buffalo, New York